JON M. SANDS
Federal Public Defender
DEBBIE JANG #035157
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700   voice
debbie_jang@fd.org
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Mehrzad Asadi-Eidivand,<br><br>　　　　Defendant. | No. CR-25-00931-DGC<br><br>**APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER (DKT. 9)** |

　　　Defendant Mehrzad Asadi-Eidivand, through undersigned counsel, moves this Court to review the Order of Detention, issued by Magistrate Judge Bachus on July 1, 2025. Dkt. 17. Mr. Asadi-Eidivand asks the Court to reconsider the findings of the lower court and order his release on conditions, because there are conditions available to reasonably assure Mr. Asadi-Eidivand's appearance at future proceedings and safety to the community. Mr. Asadi-Eidivand further requests that this Court set a hearing to Review the Detention Order of the Magistrate Judge pursuant to 18 U.S.C. § 3145(b), which requires this motion be determined "promptly."

　　　**I.　　Factual and Procedural Posture**

　　　Mr. Asadi-Eidivand is from Iran—and he is scared to return to Iran. He came to the United States seeking asylum and in fear for his life. He is an atheist who opposes Islam as well as the Iranian theocratic government. Due to his beliefs, he is subject to torture and death in Iran. He applied for asylum and appealed the denial of his case. After he married, he also attempted to adjust for status based on his

marriage. He has made every effort to prevent his own death by being returned to Iran.

On June 21, 2025, ICE agents came to Mr. Asadi-Eidivand's door seeking him out and remained outside of his house despite being told to leave and come back with a warrant. Mr. Asadi-Eidivand and his wife called 9-1-1 to report the distressing occurrence.

Mr. Asadi-Eidivand was indicted on June 24, 2025, alleging violations of 18 U.S.C. §§ 922(g)(5) and 924(a)(8). At his arraignment and detention hearing on July 1, 2025, Mr. Asadi-Eidivand requested release on conditions. Dkt. 16; *see also* Ex. A (transcript of hearing). Magistrate Judge Bachus ordered him detained, finding that the government had met its burden of proving by a preponderance of the evidence that Mr. Asadi-Eidivand was a serious risk of flight and of proving by clear and convincing evidence that he is a danger to the community. Dkt. 12.

This appeal follows.

## II.    Applicable Law

Section 3145(b) of Bail Reform Act says that "[i]f a person is ordered detained by a magistrate, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." *See U.S. v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987) (holding that a thirty-day delay to review the magistrate's order was not prompt within the meaning of § 3145(b)).

Ninth Circuit has held that when reviewing a detention order under the Bail Reform Act, 18 U.S.C. § 3142, the standard of review requires the court to "bear in mind that federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail. Only in *rare circumstances* should release be denied." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (creating a presumption of release for nonviolent offenses and for offenses not

requiring mandatory-minimums) (emphasis added); *see also United States v. Salerno*, 481 U.S. 739, 750 (1987).

When reviewing an order of detention, "the district court is to make its own '*de novo*' determination of facts, whether different from or an adoption of the findings of the magistrate." *United States v. Koening*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." *Id*. at 1192. "The mere adoption of the magistrate's findings is insufficient. *United States v. Hurtado*, 779 F.2d 1467, 1480-81 (11th Cir. 1985); *see also Koening*, 912 F.2d at 1192-93 (9th Cir. 1990) (district court should consider facts independently and review de novo the magistrate's legal conclusions).

The instant case does not implicate a "rare circumstance" that justifies detention. *See Motamedi*, 767 F.2d at 1405. Because pretrial detention is meant to capture only a small number of truly dangerous individuals for whom no conditions of release will be sufficient to protect the public, Mr. Asadi-Eidivand respectfully requests this Court to order him released on conditions.

### III. Argument

*a. Mr. Asadi-Eidivand is not a flight risk.*

Mr. Asadi-Eidivand is a 41-year old man who was born in Iran. He may have ties to a foreign country, but flight to that country is not a legitimate concern. He specifically fled Iran due to his religious beliefs, which clashed with the Iranian government. He feared torture and death, so he sought asylum and other forms of immigration relief in the United States in 2012.

Since 2012, Mr. Asadi-Eidivand has not left the United States to any other country. He chose to make a quiet and humble life in the United States to live freely from fear. He married his wife and got into business by opening up a number of car dealerships. He was not employed at the time of arrest, but he had savings, with

which he used to live. He does not have any other place to flee, nor does he have incentive to flee, especially to Iran.

### b. Mr. Asadi-Eidivand is not a danger.

Mr. Asadi-Eidivand was also detained as a danger based almost entirely on the nature of the circumstances and the weight of the evidence. This is the least important factor in the Bail Reform Act. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). Mr. Asadi-Eidivand is presumed innocent unless the government proves its case beyond a reasonable doubt.

In any event, the evidence shows that Mr. Asadi-Eidivand is not a danger and there are conditions to alleviate any concerns that the government or the Court may have. Mr. Asadi-Eidivand has no prior criminal record—no arrests, no charges, no convictions. He has no concerns with physical health, and no concerns with his mental health. He is neither a terrorist, nor does he have any links to terrorism-related activities. There is nothing to indicate that he is a danger.

Even based off the allegations in the complaint, there is no indication that Mr. Asadi-Eidivand is a danger. There is no indication that he made any types of threats (otherwise, he would likely have been charged accordingly). There was nothing that pointed to Mr. Asadi-Eidivand himself actually wielding a gun or that he was threatening to shoot anyone. In fact, it was he who was deescalating the situation, as described by the 9-1-1 dispatcher. Mr. Asadi-Eidivand is clearly not a danger.

## IV. Detention Hearing Requested

The Court is to fashion the "least restrictive" conditions or combinations of conditions under the Bail Reform Act to "reasonably assure" a defendant's appearance as required and the safety of the community. 18 U.S.C. § 3142(c). This Court does not look for ironclad guarantees of future appearances here. *See United States v. Gentry*, 455 F. Supp. 2d 1018, 1032 (D. Ariz. 2006) (citing *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986)).

Mr. Asadi-Eidivand requests that the Court reconsider the findings of the lower court, and that a detention hearing be set promptly, to order his release on conditions. *See U.S. v. Fernandez-Alfonso*, 813 F.2d 157.

Respectfully submitted:    July 15, 2025.

JON M. SANDS
Federal Public Defender

*s/Debbie Jang*
DEBBIE JANG
Assistant Federal Public Defender
*Attorney for Defendant*