**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>v.<br><br>Mehrzad Asadi-Eidavand,<br><br>              Defendant. | No. CR-25-00931-01-PHX-DGC<br><br>**ORDER** |

Defendant Mehrzad Asadi-Eidavand appeals the detention order entered by Judge Alison Bachus. Doc. 30. The government has filed a response and the Court held a hearing on July 18, 2025. Following the hearing, the Court reviewed the 911 call and two bodycam videos from the evening of June 21, 2025.

**I.     Background.**

The Court's review of the detention decision is *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must review the evidence before the magistrate judge and any additional evidence submitted by the parties, "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. Under the Bail Reform Act of 1984, Defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure his appearance at trial or the safety of the community. 18 U.S.C. § 3142(e).

Judge Bachus detained Defendant as both a danger to the community and a flight risk. Doc. 17. The government contends that the Court should affirm on both grounds. The government must prove that Defendant is a danger to the community by clear and convincing evidence, 18 U.S.C. § 3142(f), and that he is a flight risk by a preponderance of the evidence, *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Parties may proceed by proffer at a detention hearing. *United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 574 (S.D. Cal. 2000) (collecting authorities). In this case, both parties provided proffers in their filings and oral arguments and suggested that the Court review the recordings mentioned above. No party requests an evidentiary hearing.

## II.  Relevant Facts.

Defendant has been charged with one count of being an alien in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(8). Doc. 10. His wife and co-defendant has been charged with one count of threatening to assault or kill federal officers in violation of 18 U.S.C. § 115(a)(1)(B). *Id.*

Defendant was born in Iran. He came to the United States in 2012 and applied for asylum, arguing that his atheistic and anti-Muslim beliefs made him a target of the governing authorities in Iran. His asylum application was denied, as were his subsequent appeals. An immigration judge entered a removal order against him in 2013.

On the evening of June 21, 2025, federal officers arrived at Defendant's residence to enforce the removal order. Defendant and his wife, who also was born in Iran and is a naturalized U.S. citizen, refused to open the door or speak with the officers without a warrant. His wife called 911 and, during the recorded conversation, said she was holding a loaded firearm and intended to shoot any federal agent who entered her home. She also said she would go into the backyard and shoot the federal agents in the head. Defendant was present with his wife during this conversation and tried to deescalate the situation. The officers did not attempt entry.

Federal agents executed a search warrant at the residence the next day. The apartment was occupied solely by Defendant and his wife, and agents found a loaded

Glock handgun on the kitchen table and a loaded Masada handgun on a nightstand in the bedroom. Defendant and his wife were arrested and charged with the offenses described above.

Facts relevant to the Court's determination include the following: Defendant does not possess legal documentation allowing him to reside in the United States; Defendant has remained in the United States despite entry of the 2013 removal order and unsuccessful appeals; other than his wife, Defendant's only family in the United States is a brother who currently is in immigration custody; Defendant does not own property – he resided with his wife in a rented apartment prior to this offense; Defendant has lived in California, Texas, and Arizona while residing in the United States; and Defendant has been unemployed for the last two years, but has savings. The government also proffered that non-law-enforcement immigration personnel attempted to talk with Defendant at his home in May of this year and he refused to speak with them.

The pretrial services office prepared a report that reviewed Defendant's history and situation and recommended that he be detained as a flight risk and danger. Doc. 2. The report concluded that there is "no condition or combination of conditions to reasonably assure the defendant's appearance in court." *Id.* at 2.

**III.   Analysis.**

The Court must consider the following factors in determining whether pretrial detention is warranted: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against Defendant; (3) Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g). Addressing these factors, the Court finds the following considerations relevant to its detention decision:

(1) Defendant is charged with a serious firearm violation. He knew he was not legally authorized to reside in this country, and yet he and his wife possessed two loaded handguns in their residence.

(2) The evidence against Defendant is strong. He admitted during his June 21 conversation with officers that he and his wife possessed firearms. A search of their home the next day recovered two loaded handguns.[1]

(3) Defendant has resided in the United States without legal authorization, and under an order of removal, for more than a decade. He owns no property in Arizona, has not held a job in two years, and has resided in California and Texas in addition to Arizona. He knows federal immigration officers are seeking to detain him.

(4) Defendant knowingly possessed firearms without the legal right to do so, but he has no criminal history and tried to deescalate the situation with his wife on June 21, 2025.

The Court cannot find by clear and convincing evidence that Defendant presents a danger to the community. He has no criminal history and sought to calm the situation on the evening of June 21. The fact that he possessed firearms does not itself show that he is a danger to others.

The Court does find by a preponderance of the evidence, however, that no condition or combination of conditions will reasonably assure Defendant's appearance at trial. 18 U.S.C. § 3142(e). Defendant's consistent effort to remain in the United States without authorization and despite an outstanding removal order, his lack of ties to Arizona (no property, no employment in the last two years, no family other than his presently-incarcerated wife), his previous residence in other locations, and his possible arrest and removal by immigration authorities all show a risk of flight.

---

[1] Defendant is presumed innocent until a unanimous jury finds that the government has proved his guilt beyond a reasonable doubt. The recitations in this order are not conclusions that Defendant is guilty; they are included only to address the factors identified by Congress.

**IT IS ORDERED** that Defendant's appeal of Judge Bachus's detention order (Doc. 30) is **denied**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on July 15, 2025 for a total of 3 days.

Dated this 18th day of July, 2025.

_____
David G. Campbell
United States District Judge