1  TIMOTHY COURCHAINE
   United States Attorney
2  District of Arizona

3  ADDISON OWEN
   Arizona State Bar No. 031263
4  RACHEL E. NAVA
   Arizona State Bar No. 036083
5  Assistant U.S. Attorneys
   Two Renaissance Square
6  40 N. Central Ave., Ste. 1800
   Phoenix, Arizona 85004
7  Telephone: 602-514-7500
   Email: Addison.Owen@usdoj.gov
8  Email: Rachel.Nava@usdoj.gov
   Attorneys for Plaintiff

FILED ✓  LODGED ___
RECEIVED ___  COPY ___

AUG 1 2 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ 1617 Z  DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR25-931-PHX-DGC |
| Plaintiff, | **REDACTED SUPERSEDING INDICTMENT** |
| vs. | |
| 1. Mehrzad Asadi Eidivand, and (Count 1) | VIO: 18 U.S.C. §§ 922(g)(5) and 924(a)(8) (Alien in Possession of Firearms and Ammunition) Count 1 |
| 2. Linet Vartanniavartanians, (Counts 2-3) | 18 U.S.C. §§ 922(g)(5), 924(a)(8) and 2 (Alien in Possession of Firearms and Ammunition, Aid and Abet) Count 2 |
| Defendants. | 18 U.S.C. § 115(a)(1)(B) (Threats Against a Law Enforcement Officer) Count 3 |
| | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1. Defendant MEHRZAD ASADI EIDIVAND, an Iranian national residing in Tempe, Arizona, was issued an order of removal on November 25, 2013. Defendant MEHRZAD ASADI EIDIVAND has attempted to challenge the order of removal, but all attempts have been unsuccessful.

## BACKGROUND

2. On June 21, 2025, around 8:55 p.m., Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) officers went to Defendants MEHRZAD ASADI EIDIVAND and LINET VARTANNIAVARTANIANS's residence in Tempe, Arizona, to arrest Defendant MEHRZAD ASADI EIDIVAND on administrative immigration violations.

3. ICE/ERO officers knocked on the door and announced they were police. Upon approach, ICE/ERO officers observed multiple surveillance cameras near the entryway. Approximately two ICE/ERO officers were around the door while approximately four other ICE/ERO officers were surrounding the residence, all wearing vests which depicted they were "Police," "Police Federal Agent," or "ICE."

4. ICE/ERO officers identified themselves as police, and said they were looking to speak with "Mehrzad Asadi Eidivand." Defendant LINET VARTANNIAVARTANIANS stated she was not going to open the door. Defendant LINET VARTANNIAVARTANIANS told them to come back with a warrant.

5. ICE/ERO officers began to walk away. However, a couple minutes later an ICE/ERO officer approached again to ask her name. Defendant LINET VARTANNIAVARTANIANS said she was not going to talk to them and to come back with a warrant.

6. ICE/ERO officers disengaged again and went to their vehicles to regroup.

7. At all times described in this Indictment, the ICE/ERO officers were engaged in the performance of their official duties.

8. Shortly thereafter, officers from the Tempe Police Department (TPD)

arrived on the scene. As multiple TPD officers approached, they shared that Defendant LINET VARTANNIAVARTANIANS had called 911.

9. Defendant LINET VARTANNIAVARTANIANS, in a recorded 911 phone call, said the following, among other things:

    a. "I'm not letting anybody enter my home without my, you know, permission. So anybody that tries to invade my home, I'm going to shoot them. Like I said, I have a gun, and it's loaded."

    b. "Anybody trying to enter my house is going to be shooted. I don't allow anybody in my house, including ICE."

    c. When asked about the location of the gun, she responded "in my hand right now."

    d. "I go outside the backyard, and I'll just shoot them in the head."

10. Defendant MEHRZAD ASADI EIDIVAND spoke with TPD officers over the phone, stating he is a patriot and does not agree with what is going on. When a TPD officer asked him about guns, Defendant MEHRZAD ASADI EIDIVAND said "we do have guns."

11. On June 22, 2025, Homeland Security Investigations (HSI) agents and ICE/ERO officers executed a federal search warrant at Defendants MEHRZAD ASADI EIDIVAND and LINET VARTANNIAVARTANIANS's residence in Tempe, Arizona.

12. During the search of their residence, agents found firearms and ammunition.

    a. On the kitchen counter and visible upon entry, agents found a Glock, 45, 9mm, handgun, Serial Number (S/N): BSTM071. This firearm was loaded with a magazine containing 10 rounds of 9 x 19 mm caliber Hornady ammunition.

    b. On the bedroom nightstand, in the bedroom shared by Defendants MEHRZAD ASADI EIDIVAND and LINET VARTANNIAVARTANIANS, agents found a Masada, ORP, 9mm,

handgun, S/N: M1022117. This firearm was loaded with a magazine containing 15 rounds of 9 x 19 mm caliber Hornady ammunition.

  c. In the bedroom closet of the bedroom shared by Defendants MEHRZAD ASADI EIDIVAND and LINET VARTANNIAVARTANIANS, agents found 740 rounds of Tula 9 x 19 mm caliber ammunition and an additional magazine loaded with 10 rounds of Tula 9 x 19 mm caliber ammunition.

13. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) evaluated the firearms and ammunition found at Defendants' residence, listed in paragraph 12, and determined all had travelled in interstate and/or foreign commerce.

14. Based upon the make, model, and serial number of the firearms, law enforcement learned that Defendant LINET VARTANNIAVARTANIANS purchased both firearms on June 11, 2021 in Addison, Texas.

## COUNT 1

15. The factual allegations above are incorporated for Count 1.

16. Beginning by at least June 21, 2025, and continuing through June 22, 2025, in the District of Arizona, Defendant MEHRZAD ASADI EIDIVAND, knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess firearms and ammunition, to wit:

  (1) a Glock, 45, 9mm, handgun, S/N: BSTM071;
  (2) 10 rounds of 9 x 19 mm caliber Hornady ammunition (contained within the magazine inserted into the Glock Handgun),
  (3) a Masada, ORP, 9mm, handgun, S/N: M1022117,
  (4) 15 rounds of 9 x 19 mm caliber Hornady ammunition (contained within the magazine inserted into the Masada handgun),
  (5) 10 rounds of 9 x 19 mm caliber Tula ammunition, and
  (6) 740 rounds of 9 x 19 mm caliber Tula ammunition,

all of which were previously shipped or transported in interstate and/or foreign commerce.

17. In violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

**COUNT 2**

18. The factual allegations above are incorporated for Count 2.

19. Beginning by at least June 21, 2025, and continuing through June 22, 2025, in the District of Arizona, Defendant LINET VARTANNIAVARTANIANS, knowing Defendant MEHRZAD ASADI EIDIVAND was an alien illegally and unlawfully in the United States, did knowingly aid and abet Defendant MEHRZAD ASADI EIDIVAND in the possession of firearms and ammunition as alleged in Count 1.

20. In violation of Title 18, United States Code, Sections 922(g)(5), 924(a)(8) and 2.

**COUNT 3**

21. The factual allegations above are incorporated for Count 3.

22. On or about June 21, 2025, in the District of Arizona, Defendant LINET VARTANNIAVARTANIANS, did threaten to assault and kill certain ICE/ERO officers who were present at her residence on that day, the ICE/ERO officers being persons designated and protected under Title 18, United States Code Section 1114, and Defendant LINET VARTANNIAVARTANIANS did so with the intent to impede, intimidate, or interfere with the ICE/ERO officers while they were engaged in the performance of their official duties, by stating she was going to shoot ICE agents as further detailed in Paragraph 9.

23. In violation of Title 18, United States Code, Section 115(a)(1)(B).

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations of Counts 1 and 2 of this Superseding Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 and 2 of this Superseding Indictment, defendants shall forfeit to the United States of America all right,

title, and interest in (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of the offense, and (b) any of defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property defendants are liable, including, but not limited to, the following property involved and used in the offense:

      (1)    a Glock, 45, 9mm, handgun, S/N: BSTM071;

      (2)    10 rounds of 9 x 19 mm caliber Hornady ammunition,

      (3)    a Masada, ORP, 9mm, handgun, S/N: M1022117,

      (4)    15 rounds of 9 x 19 mm caliber Hornady ammunition,

      (5)    10 rounds of 9 x 19 mm caliber Tula ammunition, and

      (6)    740 rounds of 9 x 19 mm caliber Tula ammunition,

If any of the above-described forfeitable property, as a result of any act or omission of defendant:

      (1)    cannot be located upon the exercise of due diligence,

      (2)    has been transferred or sold to, or deposited with, a third party,

      (3)    has been placed beyond the jurisdiction of the court,

      (4)    has been substantially diminished in value, or

      (5)    has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

//
//
//
//
//
//
//

All in accordance with Title 18, United States Code, Sections 924(d), 981 and 982, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date: August 12, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

/s/
ADDISON OWEN
RACHEL E. NAVA
Assistant U.S. Attorney